IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LeRoy Shaw, #301480,<br>f/k/a Leroy Shaw, #199141,<br><br>        Plaintiff,<br><br>v.<br><br>William R. Byars, Director; Leroy Cartledge,<br>Warden; Scott Lewis, Assistant Warden;<br>James Parker, Assistant Warden; Frank<br>Mursier, Major; Alleson Glidewell,<br>Hearing Officer; and Loris Holmes, Inmate<br>Grievance Coordinator, individually and<br>his official capacity,<br><br>        Defendants. | CIVIL ACTION NO. 9:12-0520-RBH-BM<br><br><br>**REPORT AND RECOMMENDATION** |



        This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

        The Plaintiff filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on October 15, 2012. The Defendants filed a response in opposition to Plaintiff's motion together with their own motion for summary judgment on October 31, 2012. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion could be granted, thereby ending his case.

Plaintiff was granted until December 6, 2012 to file any response to the Defendants' motion; however, that date is now past with Plaintiff submitting no additional filings to the Court.

The parties' motions are now before the Court for disposition.[1]

### Background and Evidence[2]

Plaintiff alleges in his verified Complaint[3] that on or about October 21, 2010 he was convicted following a disciplinary hearing of the offense of possession of a cell phone or other type of communication device, first and second offense. Plaintiff alleges that his offenses should have been treated as one offense, not two, and that the disciplinary sanctions imposed on him (which did not include loss of good time credits) were excessive. Plaintiff further alleges that he filed a grievance, but that the Defendant Holmes (the Grievance Coordinator) refused to process his grievance. Plaintiff also alleges that his "constitutional rights of access to the courts extends to the prison grievance procedures and hinges on his ability to access the prison grievance system". Plaintiff seeks monetary damages, as well as declaratory and/or injunctive relief.

In a separate section of the verified Complaint, Plaintiff alleges that he filed his grievance concerning this matter on February 7, 2012 (Grievance No. MCCI 0090-12), but that he had not received a final agency/departmental/institutional answer or determination concerning this

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The parties have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[2] The facts and evidence are set forth hereinabove only to the extent necessary to resolve the pending motions.

[3] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).



matter as of the filing of the Complaint (which is dated February 12, 2012).  Plaintiff has attached to his Complaint a copy of his Step 1 Grievance Form[4] dated February 7, 2012, which contains under the "Action Taken" section a notation that it was being returned unprocessed together with the following statement: "Your disciplinary hearing was held on 10-21-10 therefore, you exceeded the time frame to file an appeal".  As another exhibit to his Complaint, Plaintiff has attached a copy of a Request to Staff Member Form dated February 9, 2012, in which Plaintiff complains that the fifteen (15) day time limit (for filing a grievance ) does not apply if he can show cause, and that Holmes "denied me [access] to the inmate grievance system . . . .".  See also, Plaintiff's Exhibit [Response to Plaintiff's Request to Staff Member], dated February 10, 2012 (attachment to the Complaint).  In an amendment to his Complaint filed April 16, 2012, Plaintiff alleges that the Defendant Young (the mail room clerk) refused to give him his legal mail after he signed for it.  See also, attached Exhibit H.  As attachments to his motion for summary judgment, Plaintiff has submitted, inter alia, copies of additional Requests to Staff Member forms, all from February 2012.

　　　　　As attachments to their motion for summary judgment (and response to the Plaintiff's motion for summary judgment), the Defendants have submitted, inter alia, an affidavit from Ann Hallman, Chief of the Inmate Grievance Branch.  Hallman attests that she has reviewed Plaintiff's grievance history and that the only grievance Plaintiff filed regarding his 10/12/10 convictions was Grievance MCCI 0090-12 (the same grievance Plaintiff references in his Verified Complaint), a copy

---

[4]This Court can take judicial notice from previous cases filed in this Court that, under the SCDC Grievance Procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident, and if a grievance is denied by the Warden (Step 1), the inmate may then appeal the Warden's decision by filing a Step 2 appeal with the Division Director of Operations.  See Aloe Creme Laboratories, Inc. v. Francine Co, 425 F.2d 1295, 1296 (5th Cir. 1970); see also Branton v. Ozmint, No.  08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v.  South Carolina Dept. of Corrections, No.  05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr.  18, 2006).



of which she has attached to her affidavit as Exhibit A (Step 1 Grievance Form). Hallman attests that this grievance was returned unprocessed by the Defendant Holmes because it had not been submitted within the fifteen (15) day time frame required by SCDC grievance policy, a fact of which she also advised Plaintiff in her response to his Request to Staff dated February 9, 2012 (attached to her affidavit as Exhibit B). With respect to Plaintiff's complaint concerning his legal mail, Hallman attests that the only grievance Plaintiff filed regarding his legal mail being sent to the correspondence review committee was Grievance No. MCCI 0338-12, filed on April 9, 2012, and attached to her affidavit as Exhibit C (Step 1 Grievance Form). Hallman attests that this grievance was denied on April 19, 2012, Plaintiff accepted the Warden's decision on April 24, 2012 (as noted by his signature), and the grievance was not appealed. See Hallman Affidavit, with attached Exhibits.

The Defendant Joyce Young has also submitted an affidavit wherein she attests that on or about April 9, 2012, she forwarded mail addressed to the Plaintiff from the U.S. Department of Justice to the Correspondence Review Committee, and gave notice of this action to the Plaintiff by completing a Notice of Withholding/Outgoing Correspondence, a copy of which is attached to her affidavit as Exhibit A. See Young Affidavit, with attached Exhibit.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion



with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the evidence and arguments presented, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case.

With respect to exhaustion of remedies, 42 U.S.C. § 1997e(a) provides that: "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, Congress has mandated exhaustion regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claims in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683



(4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 127 S.Ct. 910 (2007).  To meet this burden, the Defendants have submitted the affidavit from Ann Hallman, Chief of the Grievance Branch with the Department of Corrections, as well as copies of Plaintiff's grievance forms.  Defendants argue that this evidence shows that Plaintiff failed to exhaust his administrative remedies by filing this lawsuit either while a grievance was pending or, in the case of his mail, before a grievance had even been filed, and by also failing to appeal the denial of any of his grievances.  The undersigned is constrained to agree.  The evidence shows that Plaintiff's Step 1 Grievance relating to his disciplinary hearing and convictions was filed on February 7, 2012, and was returned to him unprocessed on February 9, 2012.  There is no evidence to show, and indeed Plaintiff does not even argue, that he appealed this decision by filing a Step 2 Grievance appeal.  Indeed, Plaintiff himself concedes in his verified Complaint that, at the time he filed his Complaint just a few days after the decision on his Step 1 Grievance, he had not received a final agency/departmental/institutional answer or determination concerning this matter.  See Verified Complaint, Section II(D).

While Plaintiff may contend that it would have been futile for him to appeal the decision on his Step 1 Grievance, that is not a valid ground for failure to exhaust.  Cox v. Grayer, No. 08-1622, 2010 WL 1286837, at * 7 (N.D.Ga. March 29, 2010)["[T]here is no futility exception to [the] exhaustion requirement"].  Hence, Plaintiff's acknowledged failure to appeal the denial of this grievance past the Step 1 stage entitles the Defendants to summary judgment on this claim.  Porter, 534 U.S. at 516 [exhaustion required for all actions brought with respect to prison conditions]; Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative



remedy or be precluded from seeking relief in the courts"]; Jordan v. Miami-Dade County, 439 F.Supp.2d 1237, 1241-1242 (S.D.Fla. 2006) [Remedies not exhausted where inmate did not appeal denial]; Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility].[5]

As for Plaintiff's mail claim, the evidence clearly shows that Plaintiff filed his grievance relating to this claim after this lawsuit had already been filed. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]. In any event, the evidence before the Court shows that Plaintiff accepted the Warden's decision with respect to his mail grievance, and that there was no appeal of this grievance past the Step 1 level. Jordan, 439 F.Supp.2d at 1241-1242 [Remedies not exhausted

---

[5] Separately, to the extent Plaintiff complains that Holmes' allegedly improper refusal to accept his grievance was itself a violation of his constitutional rights (assuming for purposes of summary judgment that this alleged event actually occurred), that allegation does not state a constitutional claim because a state's failure to follow its own grievance procedures (again, assuming for purposes of summary judgment that that happened in this case) does not give rise to a § 1983 claim. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) [existence of a prison grievance procedure does not confer any substantive right upon inmates]; Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Brown v. Dodson, 863 F.Supp. 284 (W.D.Va. 1994) [inmates do not have a constitutionally protected right to a grievance procedure]; Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982) [even where a state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights]; Burnside v. Moser, 138 Fed.Appx. 414, 415-416 (3d Cir. June 30, 2005); Keeler v. Pea, 782 F.Supp. 42, 44 (D.S.C. 1992) [violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983]); see also Scott v. Hamidullah, No. 05-3027, 2007 WL 904803 *5 n.6 (D.S.C. Mar. 21, 2007) (citing Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)); Johnson v. S.C. Dep't of Corrections, No. 06-2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ["[T]he failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation."] (citing Riccio, 907 F.2d at 1469 [if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue]).

7



where inmate did not appeal denial].

In sum, the evidence before the Court shows that Plaintiff either did not properly pursue and exhaust a grievance concerning the issues raised in this case prior to filing this lawsuit, or did not even file his grievance until after the lawsuit had already been commenced. Therefore, the Defendants are entitled to summary judgment in this case. Hyde, 442 S.E.2d at 583 ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"]; Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court - or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)).

## Conclusion

Based on the foregoing, it is recommended that the Plaintiff's motion for summary judgment be **denied**, the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed,** without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

December 20, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

