IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| LeRoy Shaw, #301480, f/k/a Leroy Shaw, #199141, | ) Civil Action No.: 9:12-cv-00520-RBH |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| William R. Byars, Director; Leroy Cartledge, Warden; Scott Lewis, Assistant Warden; James Parker, Assistant Warden; Frank Mursier, Major; Alleson Glidewell, Hearing Officer; and Loris Holmes, Inmate Grievance Coordinator, individually and his official capacity; and Mrs Joyce Young, | ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant.[1]  Plaintiff LeRoy Shaw, a state prisoner proceeding *pro se*, filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  The above-captioned Defendants also filed a motion for summary judgment.  In the R&R, the Magistrate Judge recommends that the Court deny Plaintiff's motion for summary judgment, grant Defendants' motion for summary judgment, and dismiss this action *without prejudice* due to Plaintiff's failure to exhaust his administrative remedies.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In February 2012, Plaintiff, who is imprisoned in the McCormick Correctional Institution, filed this action under 42 U.S.C. § 1983, alleging that Defendants, all employees of the South

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

1

Carolina Department of Corrections ("SCDC"), violated his constitutional rights. Because the factual background is adequately represented in the Magistrate Judge's R&R, the Court need not elaborate in great detail. However, Plaintiff's allegations largely concern an October 21, 2010 disciplinary action, where he was adjudged to have violated two counts of SCDC's policy forbidding the possession of cell phones or communication devices. He also complains that he was prevented from filing a grievance concerning the disciplinary hearing officer's decision in February 2012—approximately fifteen months after the hearing—and that Defendants, namely Defendant Joyce Young, violated his constitutional rights by intercepting mail sent to him by the United States Department of Justice.

Plaintiff filed a motion for summary judgment, arguing that he filed grievances "two time[s]," which were denied, and that he was denied the "chance to exhaust his state remedy." ECF No. 89-1, at 5. He maintains that he is entitled to prevail as a matter of law. *Id.* Defendants also jointly filed a motion for summary judgment. ECF No. 103. In their memorandum, they argue, in part, that Plaintiff, failed to exhaust his administrative remedies properly. First, they point out that Plaintiff never filed a timely grievance after his disciplinary hearing. Second, they point out that Plaintiff never appealed his grievance concerning the interception of his mail, which he was required to do. ECF No. 103-1, at 4. Plaintiff was put on notice, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of the consequences of summary judgment; however, the Court received no response from Plaintiff before the deadline. The Magistrate Judge then issued his R&R on December 20, 2012, recommending that summary judgment be granted in favor of Defendants on the basis of Plaintiff's failure to exhaust his administrative remedies properly. R&R, ECF No. 110.

A series of filings followed the issuance of the R&R by the Magistrate Judge.  On December 28, 2012, Plaintiff filed what he entitled a "Notice and Motion to Alter or Amend a Judgment." ECF No. 112.  Because the R&R is not a judgment, the Court construes this filing to be an objection to the R&R.  He also filed his "Response to Summary Judgment and Due Process Violation" and an affidavit attesting that he filed a response to Defendants' motion for summary judgment on November 16, 2012. ECF Nos. 113, 114.  On January 2, 2013, Plaintiff filed his "Response to Report and Recommendation and Notice and Motion of Rule 59(e)." ECF No. 115.  All of these filings were within the period of time for filing objections and will thus be considered timely by the Court.  In each of the filings, his primary concern was that prison officials had *prevented* him from filing a timely response to Defendants' motion for summary judgment.  Particularly relevant to the Magistrate Judge's recommendation, Plaintiff indicates in his filings during the objection period that, along with the response he filed on November 16, 2012, was "irreplaceable" evidence that he filed a grievance two days after a disciplinary hearing officer sanctioned him for two charges of possessing a cell phone in prison.[2]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may

---

[2] Indeed, in Plaintiff's brief in support of his motion for summary judgment, he argues that he filed a grievance with prison officials two days after his disciplinary hearing—"on or about October 23, 2010." *See* ECF No. 89-1, at 2.  Plaintiff, however, presents no evidence along with his brief to support this fact.  Furthermore, Plaintiff never disputes Defendants' evidence that he did not file a Step 2 grievance regarding Defendant Young's interception of his mail.

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

<h3 style="text-align:center">DISCUSSION</h3>

The Magistrate Judge recommends denying Plaintiff's motion for summary judgment and granting Defendants' motion for summary judgment, finding no evidence to dispute Defendants' evidence that Plaintiff failed to exhaust his administrative remedies. In his objections, Plaintiff contends that he mailed a response in opposition to Defendants' motion for summary judgment on November 16, 2012, including "irreplaceable materials" showing that he filed a grievance on October 23, 2010—two days after he was adjudged to have violated prison policy and sanctioned by a disciplinary hearing officer. He accuses Defendants of blocking his mail and preventing him from responding to the motion. In addition to his "Response to Report and Recommendation," Plaintiff files a motion to alter or amend the R&R, in which he makes similar arguments.[3] Finally, along with his motion, Plaintiff filed a response in opposition to Defendants' motion for summary

_____

[3] In light of the fact this Court must review *de novo* the portions of the R&R to which Plaintiff object, the Court construes Plaintiff's motion to alter or amend as part of his objections to the R&R.

judgment.  In his filed response, instead of responding to Defendants' motion, he argues that the Court should dismiss Defendants' motion because he was denied access to court and his initial response was "sabotage[d]."  In all, Plaintiff's objections seek a rejection of the Magistrate Judge's R&R (and ultimately a denial of Defendants' motion for summary judgment) on the basis of Plaintiff's apparent claim that he *attempted* to exhaust his administrative remedies (and could have proved such a fact had his response not been intercepted by prison officials).  Plaintiff's objections do not merit a rejection of the Magistrate Judge's recommendation.

Other than his own accusations, Plaintiff presents no evidence that Defendants—or any prison official for that matter—prevented his response from being forwarded to the Court.  The evidence presented by Plaintiff only suggests the *possibility* that he deposited some form of a response with the prison mail room for forwarding to the Court.  To that end, the Court will give him the benefit of the doubt that he mailed *something*.  However, even if the Court finds that Plaintiff properly filed a response, Plaintiff was clearly on notice, based on the Magistrate Judge's R&R, that the Court never received his response.  He had ample time to remedy the problem. *See* Fed. R. Civ. P. 6(b)(1)(B).  But instead of filing a motion for leave to re-file an actual response to Defendants' motion, including any evidence to support such a response, as well as any basis for excusable neglect, Plaintiff proceeded to accuse Defendants of retaliation.  This Court will not—and cannot—infer any effort to retaliate against Plaintiff from the mere failure of a piece of mail to be delivered.

Regardless, even if the Court assumes that Plaintiff filed a Step 1 grievance two days after his disciplinary sanctions were imposed, Defendants are still entitled to summary judgment because the evidence still shows that Plaintiff did not properly exhaust his administrative remedies before filing this action.  It is well settled that SCDC grievance procedures require that inmates appeal their

grievances by filing a Step 2 grievance. No bit of evidence submitted by either Plaintiff or Defendants, however, remotely suggests that Plaintiff ever complied with that requirement—this even includes the assumption that he filed a grievance in October 2010.[4] The only relevant evidence in the record shows that Plaintiff filed no grievance, either Step 1 or Step 2, properly with prison officials. Aff. of Anne Hallman, ECF No. 103-7. To now give Plaintiff another opportunity to present evidence (which he already claims is "irreplaceable") would be futile. As the Court previously noted, Plaintiff already had an opportunity to do so, but he opted instead to argue for a denial of Defendants' motion on the basis that they retaliated against him, and the only evidence relevant to that claim are the statements of prison officials that they never interfered with his mail. *See* Aff. of Jennifer Franklin, ECF No. 125-1; Aff. of Joyce Young, ECF No. 125-2. Plaintiff's objections are, therefore, overruled.[5]

## CONCLUSION

The Court has thoroughly reviewed the entire record, including the motions for summary judgment, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for summary judgment is **DENIED**, that Defendants' motion for summary judgment is **GRANTED,** and that Plaintiff's complaint is **DISMISSED** *without prejudice*.

---

[4] Interestingly, Plaintiff even indicates in his brief in support of his motion for summary judgment that he "attempt[ed] again" to file a grievance in February 2012, over a year later. ECF No. 89-1, at 3. That grievance was a Step 1—not a Step 2—grievance. ECF No. 103-8.

[5] The Magistrate Judge also concluded that Plaintiff failed to appeal his grievance regarding the interception of his mail from the United States Department of Justice. Plaintiff does not even address this recommendation specifically in his objections. Accordingly, in light of the evidence and the Court's ruling regarding Plaintiff's response to Defendants' motion for summary judgment, the Court finds no clear error in the Magistrate Judge's recommendation.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
August 20, 2013